UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
Baltimore Division

In re:                                              )
                                                    )   Case No: 15-22561
KATARINA GISELLE MADISON,      )   Chapter 13
                                                    )
          Debtor.                               )
_____)

**OBJECTION TO AMENDED CHAPTER 13 PLAN, NOTICE OF
OBJECTION AND NOTICE OF HEARING ON OBJECTION**

The Waterford Homeowner's Association, Inc. ("Association"), by counsel, states as follows for its Objection to the Amended Chapter 13 Plan of Debtor Katarina Giselle Madison ("Debtor"), filed on February 22, 2016 [Docket No. 28] ("Amended Plan").

1. The Debtor filed her Chapter 13 Voluntary Petition ("Petition") on September 9, 2015 ("Petition").

2. Debtor was, and appears to still be the owner of property located at 2956 Valera Court, Vienna Virginia ("Property"). The Property is located within the boundaries of the Association.

3. Section 10 of Debtor's Statement of Financial Affairs ("Section 10") provides: "Debtor made the quitclaim deed and transferred deed of the house located at 2956 Valera Ct. Vienna VA 22181 (originally deeded under both name as tenants by entirety) to Daniel Gutierrez. The

---

MERCERTRIGIANI LLP
Michael L. Zupan, Esquire  Maryland Bar No. 8606010433
MercerTrigiani LLP
112 South Alfred Street
Alexandria, Virginia 22314
Phone: (703) 837-5002
Fax: (703) 837-5012
michael.zupan@mercertrigiani.com
*Counsel for The Waterford Homeowners Association, Inc.*

     value of the house was about 471k and the mortgage loan was 471k. They bought the house in July 2004 (sic) for 471k."

4. A Deed transferring the Property to Daniel W. Gutierrez and Katarina G. Madison on June 23, 2014, not July 2004 as Debtor indicates in Section 10, is contained among the land records of the Circuit Court of Fairfax County, Virginia ("Land Record"). A copy of the Deed is attached as Exhibit 1. No quitclaim deed transferring the Property to Daniel Gutierrez has been recorded in Land Records.

5. Accordingly, Debtor still owns the Property and the Association is a creditor of the Debtor.

6. Prior to the filing of the Petition, Debtor failed to pay assessments and late fees totaling $552.30 ("Prepetition Assessments"). The Association was not listed as a creditor in Debtor's Petition and did not receive notice of the bankruptcy case. The Association become aware of Debtor's Petition on February 18, 2016. The deadline for filing timely claims in the case was January 1, 2016. Due to Debtor's failure to list the Association as a creditor in the case, the Association did not have an opportunity to file a timely claim.

7. Debtor continues to fail to pay the Association's assessments and fees that have come due since she filed her Petition ("Post-Petition Assessments"). Unpaid Post-Petition assessments total $565.95 through March, 2, 2016.

8. On February 19, 2016, the Association, through MercerTrigiani LLP, notified Debtor's counsel of the unpaid Post-Petition Assessments.

9. Debtor's Schedule A should be amended to include the Property. Debtor's Schedule F should be amended to include the Association as an unsecured creditor with a $552.30 claim for unpaid Prepetition Assessments.

2

10. Debtor's Schedule J, should be revised to include the Association's quarterly assessment in the amount of $276.00 as an ongoing expense.

11. Debtor should issue payment to the Association for the unpaid Post-Petition Assessments, or in the alternative, Section 2ii of the Plan should be revised to provide that the $565.00 arrearage will be paid through the Chapter 13 Plan.

12. Debtor should be required to pay post-petition quarterly assessments on time and in full as an obligation of a Chapter 13 Plan.

13. Because the Debtor's Petition does not list the Property owned by the Debtor, the Chapter 13 Plan does not address the debt owed to the Association, and the Debtor is not paying Post-Petition Assessments, Debtor is not in compliance with the Bankruptcy Code.

WHEREFORE, the Association asks that confirmation of the Amended Chapter 13 Plan be denied.

## Notice

The Waterford Homeowners Association, Inc. has filed this Objection to Confirmation of the Amended Chapter 13 Plan filed on February 22, 2016.

**YOUR RIGHTS MAY BE AFFECTED. YOU SHOULD READ THESE PAPERS CAREFULLY AND DISCUSS THEM WITH YOUR ATTORNEY, IF YOU HAVE ONE IN THIS BANKRUPTCY CASE. (IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE).**

If you do not wish the Court to grant the relief sought in the Objection, or if you want the Court to consider your views on the Objection, then on or before seven (7) days prior to the hearing date, you or your attorney must:

- Attend a hearing to be held on March 22, 2016 at 10:00 a.m. in Judge Rice's Courtroom 9-D, The United States Bankruptcy Court, 101 W. Lombard Street, Suite 8530, Baltimore, Maryland. If no timely response has been filed opposing the relief requested, the Court may grant the relief without holding a hearing.

If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the Objection and may enter an Order sustaining the Objection.

THE WATERFORD HOMEOWNERS
ASSOCIATION, INC.

By Counsel

Date Filed: March 15, 2016

**MERCERTRIGIANI LLP**
By: /s/ Michael L. Zupan
Michael L. Zupan, Esquire Maryland Bar No. 8606010433
MercerTrigiani LLP
112 South Alfred Street
Alexandria, Virginia 22314
Phone: (703) 837-5002
Fax: (703) 837-5012
michael.zupan@mercertrigiani.com
*Counsel for The Waterford Homeowners Association, Inc.*

## CERTIFICATE

I certify that a copy of the foregoing Objection, Notice of Objection and Hearing was electronically transmitted via the Court's ECF system and/or mailed by first class mail this 15th day of March, 2016 to the following:

Katarina Giselle Madison
2956 Valera Court
Vienna, Virginia 22181

Robert Haeger, Esquire
Haeger Law
11403 Seneca Forest Circle
Germantown, Maryland 20876

Nancy Spencer Grigsby, Chapter 13 Trustee
4201 Mitchellville Road
Suite 401
Bowie, Maryland 20716

/s/ Michael L. Zupan

119332

BK 23754 1654

Return to
Prepared by:
Vincent J. Keegan, Esquire
VSB #30040
Keegan, DeVol, Clarke & Nowak, PLC
8133 Leesburg Pike, Suite 220
Vienna, VA 22182

Consideration: $471,000.00; Assessed Value: $406,230.00
Tax Map #: 048-1-11--0022
Grantees' Address:
2956 Valera Court
Vienna, Virginia 22181

Title Insurer: Old Republic National Title Insurance Company

CARDINAL TITLE GROUP, LLC
14526 LEE ROAD
SUITE 200
CHANTILLY, VA 20151

IUS-U550-m
Box of

## DEED

THIS DEED, dated as of the 23rd day of June, 2014, between **MOHAMED MORY DIANE** (the "Grantor") and **DANIEL W. GUTIERREZ** and **KATARINA G. MADISON**, husband and wife (the "Grantees"),

WITNESSETH

THAT for and in consideration of the conveyance made hereby, the consideration received therefore by the Grantor and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Grantor, subject to the matters described herein, hereby grants and conveys to the Grantees, as tenants by the entirety with the right of survivorship as at common law, in fee simple and with General Warranty and English Covenants of Title, the following described real estate, situate, lying and being in Fairfax County, Virginia, together with all improvements and fixtures thereon and all rights, privileges, easements, benefits and agreements appurtenant thereto (collectively, the "Real Estate"), to-wit:

Lot 22, Section 1, WATERFORD, as the same appears duly dedicated, platted and recorded in Deed Book 3612 at Page 665, among the land records of Fairfax County, Virginia.

AND BEING the same property conveyed unto the Grantor by Deed dated August 30, 2012 and recorded among the land records of Fairfax County, Virginia

1

EXHIBIT
1

BK 23734 1655

in Deed Book 22533 at page 0028.

The Real Estate is further conveyed subject to all recorded easements, conditions, restrictions and agreements that lawfully apply to the Real Estate or any part thereof.

IN WITNESS WHEREOF, the Grantor has executed this Deed.

_____(SEAL)
MOHAMED MORY DIANE

COMMONWEALTH OF VIRGINIA   :
                          : to wit
CITY/COUNTY OF __FAIRFAX__ :

I HEREBY CERTIFY that on this 23 day of June, 2014, before me, the undersigned Notary Public in the aforesaid jurisdiction, personally appeared MOHAMED MORY DIANE, known to me or satisfactorily proven to be the person whose name is subscribed to the within instrument and acknowledged that he executed the foregoing instrument for the purposes therein contained.

WITNESS MY Hand and Notarial Seal.

_____(SEAL)
Notary Public

My Commission expires: 5/31/2015          Registration #: 7500378

ROBERT DANIEL SAMSON
COMMONWEALTH
REGISTRATION NO.
7500378
MY COMM. EXPIRES
05/31/2015
OF VIRGINIA
NOTARY PUBLIC

2

07/23/2014
RECORDED FAIRFAX CO VA
TESTE: _____
CLERK