## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### Baltimore Division

| | | |
|---|---|---|
| In re: | ) | |
| | ) | **Case No: 15-22561** |
| **KATARINA GISELLE MADISON,** | ) | **Chapter 13** |
| | ) | |
| Debtor. | ) | |
| | ) | |

### OBJECTION TO THIRD AMENDED CHAPTER 13 PLAN, NOTICE OF OBJECTION AND NOTICE OF HEARING ON OBJECTION

The Waterford Homeowner's Association, Inc. ("Association"), by counsel, states as follows for its Objection to the Third Amended Chapter 13 Plan of Debtor Katarina Giselle Madison ("Debtor"), filed on August 15, 2016 [Docket No. 69] ("Third Amended Plan").

1. The Debtor filed her Chapter 13 Voluntary Petition ("Petition") on September 9, 2015 ("Petition").

2. Debtor owns the property located at 2956 Valera Court, Vienna, Virginia ("Property"). The Property is located within the boundaries of the Association and is subject to Association's assessments.   The Association is a creditor of the Debtor.

3. Debtor failed to list the Association as a creditor in her Petition, therefore the Association did not learn of Debtor's Petition until February 18, 2016.  The deadline for filing timely claims in the case was January 1, 2016.  Due to Debtor's failure to list the Association as a creditor in the case, the Association did not have an opportunity to file a timely claim.

4. Debtor filed her first Amended Chapter 13 Plan on February 22, 2016, [Docket No. 28] ("First Amended Plan").  The Association filed an objection to Debtor's First Amended Plan

**MERCERTRIGIANI LLP**
Michael L. Zupan, Esquire MD Bar No. 8606010433
112 South Alfred Street
Alexandria, Virginia 22314
Phone:  (703) 837-5002
Fax:  (703) 837-5012
michael.zupan@mercertrigiani.com
*Counsel for The Waterford Homeowners Association, Inc.*

on March 15, 2016, [Docket No. 36] because Debtor's Statement of Financial Affairs stated that Debtor transferred the deed for the Property to Daniel Guitierrez. However, no quitclaim deed transferring the Property had been recorded among the land records of the Circuit Court of Fairfax County, Virginia. Debtor failed to list the Association's assessment, currently $276 per quarter, as an ongoing expense in Schedule J and Debtor did not pay the assessments and fees that became due after she filed her Petition ("Post-Petition Assessments").

5. On March 21, 2015, Debtor issued a payment to the Association in the amount of $552.15 regarding unpaid Post-Petition Assessments. Copy of Postal Money Order attached as Exhibit 1.

6. Debtor filed Amended Schedule A on May 4, 2016 [Docket No. 53] stating that she abandoned the Property. Debtor filed her second Amended Chapter 13 Plan on May 16, 2016, [Docket No 58] ("Second Amended Plan"). The Association filed an objection to the Debtor's Second Amended Plan on the basis that abandonment of the Property did not relieve the Debtor of payment of the Post-Petition Assessments. Debtor's Schedule J did not list the quarterly assessments as an ongoing obligation and Debtor had not paid all the Post-Petition Assessments that came due.

7. On August 15, 2016, Debtor filed her third Amended Chapter 13 Plan [Docket No. 69] ("Third Amended Plan"). Debtor's Third Amended Plan states that she is surrendering the Property. Debtor continues to fail to report the Association's assessments as an ongoing expense on Schedule J and Debtor has not paid all the Post-Petition Assessments. Unpaid Assessments, late fees and maintenance charges total $654.60.

2

8.  Surrender of the Property does not relieve the Debtor of her obligation to pay Post-Petition Assessments. Debtor is responsible for payment of Post-Petition Assessments until Property is no longer titled to her. Debtor's Schedule J should be revised to include the Association's quarterly assessments in the amount of $276.00 as an ongoing expense. Debtor should issue payment to the Association in the amount of $654.60 regarding unpaid post-petition assessments and charges.

9.  Debtor is not in compliance with the Bankruptcy Code because she fails to acknowledge her obligation to the Association as an owner of the Property and issue payment to the Association for Post-Petition Assessments. Debtor's continued failure to report her obligation to this Court and pay the Post-Petition Assessments creates a hardship for the Association. Debtor should be required to account for the assessment as an ongoing expense until she no longer owns the Property, bring her post-petition account current and pay future quarterly assessments, beginning on October 1, 2016, on time and in full as part of a confirmed Chapter 13 Plan.

WHEREFORE, the Association asks that confirmation of the Third Amended Plan be denied.

### Notice

The Waterford Homeowners Association, Inc. has filed this Objection to Confirmation of the Third Amended Chapter 13 Plan filed on August 15, 2016.

**YOUR RIGHTS MAY BE AFFECTED. YOU SHOULD READ THESE PAPERS CAREFULLY AND DISCUSS THEM WITH YOUR ATTORNEY, IF YOU HAVE ONE IN THIS BANKRUPTCY CASE. (IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE).**

If you do not wish the Court to grant the relief sought in the Objection, or if you want the Court to consider your views on the Objection, then on or before seven (7) days prior to the hearing date, you or your attorney must:

- Attend a hearing to be held on September 13, 2016 at 10:00 a.m. in Courtroom 9-D, The United States Bankruptcy Court, 101 W. Lombard Street, Suite 8530, Baltimore, Maryland. If no timely response has been filed opposing the relief requested, the Court may grant the relief without holding a hearing.

If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the Objection and may enter an Order sustaining the Objection.

THE WATERFORD HOMEOWNERS
ASSOCIATION, INC.
By Counsel

Date Filed: September 1, 2016     **MERCERTRIGIANI LLP**
By: /s/ Michael L. Zupan
Michael L. Zupan, Esquire MD Bar No. 8606010433
112 South Alfred Street
Alexandria, Virginia 22314
Phone: (703) 837-5002
Fax: (703) 837-5012
michael.zupan@mercertrigiani.com
*Counsel for The Waterford Homeowners Association, Inc.*

## CERTIFICATE

I certify that a copy of the foregoing Objection, Notice of Objection and Hearing was electronically transmitted via the Court's ECF system and/or mailed by first class mail this 1st day of September, 2016 to the following:

Katarina Giselle Madison
14401 S. Military Trail, #F207
Delray Beach, Florida 33484

Robert Haeger, Esquire
Haeger Law
11403 Seneca Forest Circle
Germantown, Maryland 20876

Nancy Spencer Grigsby, Chapter 13 Trustee
4201 Mitchellville Road, Suite 401
Bowie, Maryland 20716

/s/ Michael L. Zupan
Michael L. Zupan

126842

4



EXHIBIT

1