UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
Baltimore Division

| | |
|---|---|
| IN RE: | |
| | Case No. 15-22561 DER |
| KATARINA GISELLE MADISON | Chapter 13 |
| Debtor | |

## TRUSTEE'S AMENDED OBJECTION TO APPLICATION FOR ALLOWANCE OF COMPENSATION

Nancy Spencer Grigsby, Chapter 13 Trustee in the above-captioned case, objects herein to Robert Haeger's ("Counsel") Application for Allowance of Compensation and Reimbursement of Expenses (doc. 84) (the "Motion"), and in support thereof states as follows:

1. Counsel's Disclosure of Compensation (doc. 4) states that Counsel's fees for legal services in this case were to be billed at $375 per hour and that prior to the filing of the statement, he had received $9,522.50, inclusive of the Chapter 13 filing fee. Counsel's Disclosure continued on to state that the Debtor would pay an additional $2,787.50 upon receipt of her tax refund.

2. Counsel's Supplemental Disclosure of Compensation (doc. 48) indicates receipt of an additional $2,788 post-petition and that further fees were to be paid by "Debtor". None of Counsel's Disclosures of Compensation indicate that Counsel is seeking additional fees through Debtor's Chapter 13 Plan.

3. In the Motion, Counsel seeks compensation for matters up to and including confirmation in the amount of $15,648 and reimbursement of expenses of $717.29 through November 7, 2016.

4. Counsel's Application fails to account for the $9,522.50 received pre-petition, or the additional $2,788 received post-petition. The Trustee maintains that if Counsel is seeking to be paid by the Estate, he is entitled to only $4,054.79.00 from the Estate

for the remaining fees due and owing after accounting for Debtor's prior payment of retainers that presumably remain in Counsel's escrow account.

5. As to the particulars of the Application, it is unclear to the Trustee the purpose of Counsel's September 9, 2015 "Prep UCC filing" charged to the Debtor in the amount of $337.50, and the subsequent $54 "UCC filing fee" charged to Debtor November 8, 2015. The Trustee objects to these charges.

6. Counsel spent approximately 6.1 hours preparing, amending and reviewing various Motions to Avoid Lien, including a "lien avoidance of Bay Utilities (POC 4)", the Trustee maintains that this amount of time is excessive, especially in light of the fact that no such lien avoidance as to Bay Utilities was actually filed.

7. Given Counsel's substantial "courtesy discount" provided to the Debtor, the Trustee will not parse through the time records with further objection, but requests the Court limit the allowance of Counsel's fees to be paid through the Chapter 13 Plan to $4,054.79.

WHEREFORE, for the foregoing reasons, the Trustee respectfully requests that this Court allow Counsel fees and expenses totaling $16,365.29, with Counsel being paid $12,310.50 by the Debtor via retainers placed in escrow and $4,054.79 being paid via Debtor's Chapter 13 Plan upon confirmation.

Date:  November 21, 2016

Respectfully submitted,
Nancy Spencer Grigsby
By Counsel:
/s/ Tiffany S. Franc
Tiffany S. Franc #29347
185 Admiral Cochrane Dr. Ste. 240
Annapolis, MD 21401
Tel. 301-805-4700
E-mail: tfranc@ch13md.com

**CERTIFICATE OF SERVICE**

      I hereby certify that this Objection was served on this 21st day of November 2016, electronically to those recipients authorized to receive a Notice of Electronic Filing by the Court, and/or by first class mail, postage prepaid to:

| | |
|---|---|
| Katarina Madison | Robert Haeger |
| 14401 S. Military Trail #F207 | 11403 Seneca Forest Cir. |
| Delray Beach, FL 33484 | Germantown, MD 20876 |

                               /s/Tiffany S. Franc_____