UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND AT BALTIMORE

| | |
|---|---|
| IN RE: | * |
| | * |
| Katarina Madison a/k/a Inna Gutierrez | *   Case No. 15-22561-DER |
| Debtor | *   Chapter 13 |
| * * * * * * * * * * * * | * * * * * * * * * * * |
| Katarina Madison a/k/a Inna Gutierrez | * |
| Movant/Debtor | * |
| v. | *   Rule 3012 Valuation Proceeding |
| Bay Utilities Inc. | * |
| Respondent/Creditor | * |
| * * * * * * * * * * * * | * * * * * * * * * * * |

### RESPONSE TO DEBTOR'S MOTION TO AVOID LIEN

**BAY UTILITIES, INC.**, Respondent, by its attorney Daniel J. Mellin, for its Response to the Debtor's Motion to Avoid Lien states as follows:

1. The Motion to Avoid Lien should be **DENIED** for the following reasons.

2. Respondent admits Paragraphs 1 and 2 of the Motion.

3. Respondent admits PARTIALLY Paragraph 3 of the Motion, and states that the Property is a residential townhouse as described and shown in the Debtor's Appraisal.

4. Respondent denies Paragraphs 4 to 9 of the Motion to the extent they contain factual allegations, but not the opinion of value of the Property contained in the Appraisal. Most of these Paragraphs are legal conclusions which are not required to be admitted or denied.

5. Respondent further responds to Paragraphs 4 to 9 of the Motion as follows.

6. The Debtor's Interest in the Property is subject to a perfected first priority lien in favor of Bay Utilities Inc. pursuant to the 1989 Deed and Agreement for Facilities Charges from Bay Utilities Inc. to Woodbridge Construction Corporation recorded on February 6, 1992, among the Land Records of Anne Arundel County at Book 5520 page 609, a certified copy is attached hereto and incorporated herein.

7. The 1989 Deed and Agreement was specifically affirmed in a deed from Woodbridge Construction Corporation to Ryland Homes recorded on June 29, 1994, at Book 6691 page 108, as well as in the deed from Ryland Homes to Steven Nosel recorded on October 25, 1994, at Book 6818 page 307 (Nosel is Madison/Gutierrez's predecessor in title).

This conveyance is subject to the operation and effect of the Deed and Agreement for Facilities Charges dated August 15, 1989, by and between Bay Utilities, Inc. and Woodbridge Construction Corporation, and recorded among the Land Records of Anne Arundel County, Maryland in Liber 5520, folio 509.



8. The 2006 Nosel deed to Madison/Gutierrez is recorded at Book 18434 at page 194. The fact that the Nosel to Madison/Gutierrez does not refer to the Recorded Deed and Agreement is of no consequence and does not affect the continuing Lien and Covenant running with and binding on the Land and Property.

9. Bay Utilities Inc.'s Lien against the Property is not subject to the cram-down provisions of 11 USC Section 1325(5)(B)(ii), because Bay Utilities Inc.'s Lien is fully secured on the $230,000.00 Property in First Position with priority over subsequent mortgages.

10. This Motion is controlled by this Court's recent decision in *Select Portfolio Servicing v Saddlebrook West Utility Company* 229 Md.App. 241 (2016) (filed August 31, 2016) in which the Court of Special Appeals held:

> In this appeal, we hold that **a Declaration recorded** by the developer of a subdivision **created a lien that secured payment** of water and sewer charges; **the lien could be enforced under the terms of the Declaration, without resort to the Maryland Contract Lien Act;** and **the lien has priority over a later recorded refinance deed of trust** ("DOT") against the property.

229 Md.App. at 247 (emphasis supplied)

11. Bay Utilities Inc.'s Lien for Utility Assessments has the same status as the Utility Lien held by Saddlebrook West Utility Company. In fact, the provisions of the two recorded documents are virtually identical. It is clear as a matter of law that the Lien of Bay Utilities Inc. is a lien and covenant running with and binding on the land and Property of the Debtor and can not be stripped or crammed down or avoided.

12. *See also In re Khan*, 504 B.R. 409, 414 (2014):

> *414 But a covenant running with the land is not a personal obligation of the covenantor. As explained above, the purpose is to bind future assignees. It is not a personal obligation, but as it plainly states runs with the land. The covenant is annexed to the estate and cannot be separated from the land or the land transferred without it.

Courts have found that the relief from the stay of 11 U.S.C. § 362(a) is not required for post-confirmation attempts to collect post-filing condominium assessments, as they are not pre-petition debts. *In re Reynard*, 250 B.R. 241, 244 (Bankr.E.D.Va.2000); *In re Zamora*, 2012 WL 4501680 (Bankr.W.D.Tex.2012); *cf. In re Schechter*, 2012 WL 3555414 (Bankr.E.D.Va.2012) (Collection activities must be limited to property of the debtors, not property of the estate, but all post-confirmation earnings are property of the estate under 11 U.S.C. § 1306(a)(2)). This issue was not raised by either party, and the court will not address it.

Although the stay will be lifted, the court will comment on the state of affairs should Debtor be able to consummate his plan. The pre-filing claim of the condominium would be discharged. Its lien remains of record, not having been avoided. After discharge, 11 U.S.C. § 523(a)(16) will not impose personal liability upon Debtor to continue the payment of condominium assessments, but the charges of the condominium will continue as an *in rem* obligation. *Cf. In re Colon*, 465 B.R. 657, 662–63 (Bankr.D.Utah 2011). The situation is not unlike that in *Long v. Bullard*, 117 U.S. 617, 620–621, 6 S.Ct. 917, 29 L.Ed. 1004 (1886), as described in *In re Hamlett*, 322 F.3d 342, 347–48 (C.A.4 2003), **that liens pass through bankruptcy unaffected.** The discharge of the claim does not affect the condominium's rights under the Maryland Contract Lien Act.[7] [emphasis supplied]

13. Bay Utilities Inc.'s Lien cannot be stripped from the Property or crammed down. Although the Debtor's Plan may attempt to limit the amount of the Debtor's *in personam* payments, Chapter 13 does not allow for Bay Utilities Inc.'s lien to be reduced *in rem* against the Property.

14. As can be seen from the Proof of Claim filed by Bay Utilities, and also the attached Billing and Account Statement, the Lien secured on the Debtor's Property is as follows:

| | |
|---|---|
| Past Due Assessments & Interest as of Sept 1 2015 | $2,012.40 |
| Past Due Assessment & Interest Oct 1 2015 to Dec 1 2016 | $ 743.40 |
| Total Past Due Assessments & Interest to December 1 2016 | $2,755.80 |
| Interest per month $27.00 after Dec 1 2016 | |
| Future Assessments that have been accelerated $360.00 X 10 | $3,600.00 |
| Attorney's Fees to date per SEVENTH of the Agreement | $2,832.85 |

15. The Lien of Bay Utilties Inc. has priority over the Deed of Trust debt secured on the Property in second position now held by:

**Specialized Loan Servicing LLC**
**8742 Lucent Blvd, Suite 300**
**Highlands Ranch, Colorado 80129**

WHEREFORE, having fully responded or intending to have fully responded to the Motion Respondent requests the following relief from the Court:

A. That the Court Order that the Lien of Bay Utilities is not avoidable.

B. That the Court Order that the Lien of Bay Utilities is secured for the full amounts claimed in the Proof of Claim, including interest at the agreed rate under the Deed and Agreement of 1.5% per month.

C. And for such other and further relief as the nature of Respondent's cause may merit.

Date: December 30, 2016

/s/ *Daniel J. Mellin*

Daniel J. Mellin (djm@hbdlaw.com)
221 Duke of Gloucester Street
Annapolis, MD 21401
Bar No. 00667
410-263-3131 fax 410-269-7912
Attorney for Bay Utilties Inc.

8940.55b/2013338

## CERTIFICATE OF SERVICE

I hereby certify that on this date true copies of the foregoing pleadings were mailed or emailed to:

Robert J. Haeger, Esquire
Haeger Law
11403 Seneca Forest Circle
Germantown, MD 20876-4307

bob@haegerlaw.com   www.haegerlaw.com

888-463-3520 FAX 240-454-8193

Nancy Spencer Grigsby, Trustee
185 Admiral Cochrane Dr. Suite 240
Annapolis, MD 21401

grigsbyecf@ch13md.com

(301) 805-4700 Fax: 301-805-9577

Specialized Loan Servicing LLC
8742 Lucent Blvd, Suite 300
Highlands Ranch, Colorado 80129

Last Four Digits of Acct #: xxxxxx6465

800-315-4757

Date: December 30, 2016

8940.55b/2013338

/s/ *Daniel J. Mellin*

Attorney for Bay Utilties Inc.