UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
AT BALTIMORE

| | | |
|---|---|---|
| In re: | : | Case No. 15-22561-DER |
| Katarina Giselle Madison, a/k/a Inna Gutierrez, | : | Chapter 13 |
| Debtor. | : | |
| _____ | | |
| Katarina Giselle Madison, a/k/a Inna Gutierrez, | : | |
| Movant, | : | |
| vs. | : | Rule 9014 Contested Matter |
| Bay Utilities, Inc. | : | |
| Respondent. | : | |

_____

DEBTOR'S OBJECTION TO ALLOWANCE OF CLAIM 4
FILED BY BAY UTILITIES, INC.

Katarina Giselle Madison, , a/k/a Inna Gutierrez, debtor-movant herein, by her attorney, Robert J. Haeger, hereby objects to the allowance of Claim No. 4 filed by Bay Utilities, Inc. (hereinafter "Claimant"), in the amount of $7,559.47, and as grounds, states as follows:

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, being a case arising under Title 11, United States Code; and under 28 U.S.C. § 157, which provides for referral of cases arising under Title 11 to the bankruptcy judges of the District. This is a core proceeding. 28 U.S.C. §157(b)(2)(B).

2. Claimant asserts a first priority secured claim in the amount of $7,559.47, including an arrearage of $3,239.47, plus interest of 18% per annum, with the last contractual payment due thereunder after the date on which final payment under the Plan is due.

3. Claimant asserts secured status on property of the estate known as 2273 Lea Court, Odenton, MD 21113 (the "Property"), based on a declaration by and between Woodbridge

Construction Corporation and Bay Utilities, Inc., dated August 15, 1989, and recorded February 6, 1992, at Liber 5520, Page 606, among the land records of Anne Arundel County (the "Declaration"). Am. Claim 4-2 at 4.

    4.    Claim 4 includes $2,012.40 in past due assessments and interest due as of September 1, 2015, $1,065 in attorney's fees, $162.07 in costs, and $4,320 in future assessments at the rate of $360 per year for 12 years that Claimant has allegedly accelerated.

    5.    The Declaration provides at section SEVENTH for attorney's fees and acceleration as follows:

> SEVENTH: If any such charges remain unpaid for thirty (30) days after becoming due, there shall be a delinquent charge of one and one-half (1 1/2%) percent per month dating from January 1st of the year in which the charge is made. Grantor may collect the delinquent charges <u>by a contract action at law or by a bill in equity</u> to enforce such charges together with interest and <u>attorney's fees</u> of at least Two Hundred Fifty Dollars ($250) or as actually expended, whichever is greater, and any <u>judgment or decree obtained, where the Defendants have been served by summons or subpoena</u>, shall have the force and effect of a judgment in personam. Grantor may sue or file a bill in equity to enforce such charges, against the owner of record at the time such charge became due, or the owner of record at the time such suit is filed or any owner of record between such dates. and publication thereof shall be notice to all persons having any interest in the property. <u>After written notice thereof to all affected owners and parties as well as any creditors holding security interests of record on the property, Grantor may accelerate</u> the remaining Facilities Charges and declare them to be due and owing in their entirety thirty (30) days after such written notice. If the full amount of said Facilities Charges are not paid within thirty (30) days thereafter, then the entire balance remaining due may be collected by Grantor, its successors and assigns. In that regard, Grantor retains a power or sale of the property conveyed hereby and may upon such default and acceleration sell the property. and any parties affected hereby consent to the passage of a decree for the sale of the land and premises and improvements at public auction pursuant to the then applicable rules of procedure for the Circuit Courts of Maryland relating to sales of property and foreclosure of mortgages and other security devices.

Declaration, Claim 4-2 at 4-5 (emphasis added).

    6.    Attorney's fees are only allowed in connection with a "contract action at law or by

a bill in equity" that results in a "judgment or decree obtained" thereby. *Id*. Otherwise, the American Rule controls whereby each party is responsible for its own attorney's fees. Since Claimant has filed no such "contract action at law or by a bill in equity," it is not entitled to attorney's fees or costs.

7. The power to accelerate is limited and may be exercised only "[a]fter written notice thereof to all affected owners and parties as well as any creditors holding security interests of record on the property[.]" *Id*. Upon information and belief, Claimant failed to provide the notice required before acceleration.

8. The Declaration provides at section FOURTH for termination of assessments on December 31, 2024. Since this case was filed on September 9, 2015, and all "such annual charges shall be due and payable in advance on the first day of January of each year," the post-petition assessments are for calendar years 2016 through 2024 only, or nine years, while Claimant accelerated 12 years in Claim 4.

9. Claimant asserts a right to interest of 18% per annum on its claim. Pursuant to 11 U.S.C. § 1325(a)(5)(B)(ii), three and 3/4 percent (3.75%) is the maximum appropriate present value interest rate to be applied to the payments to be made to the Respondent on account of its secured claim, based on a prime rate of 3.75% as reflected in the Wall Street Journal Prime Rate found at www.Bankrate.com, the fact that the subject secured claim is vastly oversecured, and the collateral is fully insured. Since the only risk that Respondent will bear on this fully insured Property and oversecured claim is a little delay in payment, there should be no risk premium added to the prime rate. Should the Debtor fall more than a little behind in her plan payments and her chapter 13 plan fails, moreover, the plan will be inoperative and the contract terms will be

restored. The Respondent bears the burden, moreover, under the *Till*[1] case to present evidence to the Court that the interest rate proposed by the Debtor is inadequate.

10.     PLEASE TAKE NOTICE, PURSUANT TO LOCAL RULE 3007-1, THAT (1) WITHIN THIRTY (30) DAYS AFTER THE DATE ON THE CERTIFICATE OF SERVICE OF THE OBJECTION, THE CLAIMANT MAY FILE AND SERVE A MEMORANDUM IN OPPOSITION, TOGETHER WITH ANY DOCUMENTS AND OTHER EVIDENCE THE CLAIMANT WISHES TO ATTACH IN SUPPORT OF ITS CLAIM, UNLESS THE CLAIMANT WISHES TO RELY SOLELY UPON THE PROOF OF CLAIM; AND (2) AN INTERESTED PARTY MAY REQUEST A HEARING THAT WILL BE HELD IN THE COURT'S DISCRETION.

WHEREFORE, the premises considered, debtor respectfully requests that an order be entered sustaining this objection, disallowing this claim to the extent it exceeds $2,012.40, disallow interest to the extent it exceeds the prime rate of 3.75%, , and for such other and further relief as is just.

Respectfully submitted,
*/s/ Robert J. Haeger, February 27, 2017*
Robert J. Haeger, Bar No. 25434
Attorney for Debtor-Movant
11403 Seneca Forest Circle
Germantown, MD 20876
(888) 463-3520; bob@haegerlaw.com

---

[1] *Till v. SCS Credit Corp.*, 124 S. Ct. 1951, 1961 (2004).

CERTIFICATE OF SERVICE

I hereby certify that, to the extent the following persons were not served electronically by the CM/ECF system, I caused a copy of the foregoing to be sent on February 27, 2017, by first class U.S. mail, postage prepaid, to:

| | |
|---|---|
| Nancy Spencer Grigsby (BY ECF)<br>Chapter 13 Trustee | Bay Utilities, Inc.<br>c/o MICHAEL O'BRIEN (Resident Agent)<br>2444 SOLOMONS ISLAND ROAD<br>ANNAPOLIS, MD 21401 |
| Daniel J. Mellin, Esquire (BY ECF)<br>Hillman, Brown & Darrow, P.A.<br>221 Duke of Gloucester Street<br>Annapolis, MD 21401 | |

/s/ *Robert J. Haeger, February 27, 2017*
Robert J. Haeger